UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY ANTONIO ADAMS        ]
    Petitioner,            ]
                           ]
v.                         ]    No. 3:10-0332
                           ]    Judge Trauger
WARDEN HENRY STEWARD       ]
    Respondent.            ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Henry Steward, Warden of the facility, seeking a writ of habeas corpus.

### A. Background

On August 2, 2002, a jury in Davidson County found the petitioner guilty of three counts of facilitating especially aggravated kidnapping, two counts of facilitating aggravated kidnapping, and one count of false imprisonment. Docket Entry No.17-1 at pgs.104-110. For sentencing purposes, the facilitation of aggravated kidnapping and false imprisonment convictions were merged with the three facilitation of especially aggravated kidnapping convictions. Docket Entry No.17-11 at pgs. 7-8. The petitioner received an aggregate sentence of thirty six (36) years

1

in prison. Docket Entry No.17-1 at pgs.125-131.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No.17-11 at pgs.2-21. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.17-13.

In March, 2006, the petitioner filed a *pro se* petition for state post-conviction relief. Docket Entry No.17-7 at pgs.21-41. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.63-81. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.17-16. Once again, the Tennessee Supreme Court denied the petitioner's application for additional review. Docket Entry No.17-18.

### B. Procedural History

On March 31, 2010, the petitioner initiated this action with the filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts six claims for relief. More specifically, he alleges that

    1) the evidence was insufficient to support convictions for facilitation of especially aggravated kidnapping;

    2) the trial court erred in relying upon sentence enhancement factors that had not been determined by a jury;

    3) the trial court erred by running

2

the sentences consecutively;

    4)  counsel was ineffective for[1]
        a) failing to "investigate the facts of the case and interview witnesses",
        b) failing to subpoena favorable witnesses (Mack Stone and Mauricus Robertson), and
        c) failing to cross-examine witnesses (Officer Reece and Sgt. Collins) about conflicting statements.

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer to the petition (Docket Entry No.16), to which the petitioner has filed a Reply (Docket Entry No.23). Upon consideration of respondent's Answer, petitioner's Reply, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

---

[1] At trial, the petitioner was represented by David Hopkins, a member of the Davidson County Bar.

3

## C. Analysis of the Claims

**1) State Law Claim**

The petitioner alleges that the trial court erred when it imposed consecutive sentences upon him (Claim No.3). Throughout the exhaustion process, this claim was presented to the state courts solely as an issue arising under state rather than federal law. *see* Docket Entry No.17-9 at pgs.22-23. In his habeas corpus petition, the petitioner continues to argue that consecutive sentencing was imposed contrary to a state sentencing statute. Docket Entry No.1 at pg.6.

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984). Because federal habeas corpus relief is only available to remedy errors of a federal nature, a claim that a conviction or sentence is the result of a state court's misapplication of state law is not cognizable unless the petitioner can establish that the error deprived him of a fundamentally fair trial. Porter v. Estelle, 709 F.2d 944, 957 (5th Cir. 1983), *cert. denied sub nom.*, Porter v. McKaskle, 466 U.S. 984 (1984).

Here, the petitioner's sentences were imposed consecutively. The petitioner has failed to show how this in any way denied him a fundamentally fair trial. As a consequence, this claim is

4

insufficient to support an award of habeas corpus relief.

**2) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., Claim Nos.1,2, and 4a-c, were fully litigated in the state courts on either direct or post-conviction review and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

5

### a) Sufficiency of the Evidence

The petitioner alleges that the evidence was insufficient to support his convictions for facilitation of especially aggravated kidnapping (Claim No.1).

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 99 S.Ct. at 2789.

To be convicted of facilitating an especially aggravated kidnapping, a jury must find beyond a reasonable doubt that the petitioner knowingly furnished substantial assistance in the false imprisonment of another "accomplished with a deadly weapon" or where the victim was under the age of thirteen (13) at the time of the removal or confinement. Tenn. Code Ann. §§ 39-11-403(a); 39-13-305(a)(1); 39-13-305(a)(2).

The evidence showed that there were three victims, two adult males and a four year old child.[2] Both adult victims identified the

---

[2] The adult males were Willie Robertson and Rick Harbin. The child, Willie Moss, was Robertson's son.

6

petitioner as being armed with a pistol the night of the incident. Docket Entry No.17-2 at pg.20; *Id.* at pg.299. Each testified that the petitioner participated in the kidnappings by helping to restrain the adult victims. *Id.* at pgs.24, 299 and 303. The petitioner was seen moving the child victim from his father's automobile into the perpetrators' car. *Id.* at pg.29. A police officer witnessed the petitioner getting out of the suspect vehicle holding the child victim and carrying a pistol. *Id.* at pg.244. A co-defendant (Christopher Williams) admitted that the petitioner was armed and with him in his car along with the child victim. *Id.* at pg.458. Finally, the petitioner admitted that he was armed the night of the incident, *Id.* at pg.489, and confessed to a police officer that "I was just caught in the crossfire. I knew about the kidnapping, but I didn't do it." *Id.* at pg.256.

From this evidence, any jury could have reasonably found that the petitioner had facilitated the commission of three especially aggravated kidnappings. For that reason, the petitioner's sufficiency of the evidence claim has no merit.

    **b)   Sentence Enhancement Factors**

The petitioner also claims that the trial court erred in relying upon sentence enhancement factors that had not been determined by the jury (Claim No.2). He chose not to address this issue in his Reply.

The constitutional guarantee of a jury trial proscribes a

sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant. Blakely v. Washington, 542 U.S. 296 (2004). The relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but rather the maximum he may impose without any additional findings. *Id.* at 542 U.S. 303-04.

The petitioner was sentenced to consecutive twelve (12) year terms for each facilitation conviction. Docket Entry No.17-1 at pgs.104-110. Facilitation of especially aggravated kidnapping is a Class B felony in Tennessee. The sentencing range for a Class B felony is 8-12 years. Tenn. Code Ann. § 40-35-112(a)(2). The minimum sentence within this range, or eight years, is the sentence that should be imposed unless enhancement factors justify an increase in sentence. Tenn. Code Ann. § 40-35-210(c)(1).

The trial judge enhanced the sentence for each conviction based upon the petitioner's use of a deadly weapon, his prior criminal convictions, and a history of unwillingness to comply with conditions involving his release into the community. Docket Entry No.17-5 at pgs. 55-59. At trial, the petitioner admitted that he was armed at the time of the incident and that he had illegal drugs in his possession. Docket Entry No.17-2 at pgs.487, 489. Later, during sentencing, he further acknowledged that he had, on at least one occasion, violated the terms of his probation. Docket Entry

8

No.17-5 at pg.26. These enhancement factors were either part of his prior criminal history or were admitted by the petitioner. Thus, the petitioner's sentences were not improperly enhanced in violation of Blakely.[3]

### c) Ineffective Assistance of Counsel

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

---

[3] For two of the three convictions, the trial judge found in addition that the petitioner had demonstrated exceptional cruelty and that the kidnapping of the child presented a great potential for bodily harm. Docket Entry No.17-5 at pgs.57-58. While these are facts that should have been found by a jury rather than the trial judge, they do not render the sentences illegal. When considering the sentence for the first conviction, the trial judge enhanced the sentence to the maximum of twelve years because the petitioner had been armed with a deadly weapon, he had prior criminal convictions and he had a history of unwillingness to comply with conditions involving release into the community. *Id.* at pg.55. These were legitimate enhancement factors and they led to a maximum sentence. These factors were also considered when the trial judge pronounced sentence for the remaining facilitation convictions. Thus, any impropriety in finding exceptional cruelty or the great potential for bodily harm did not prejudice the petitioner with a sentence greater than the maximum term he would have received anyway.

9

at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner claims that counsel was ineffective for failing to fully investigate the case (Claim No.4a), failing to subpoena two witnesses (Claim No.4b), and failing to cross examine two police officers about conflicting statements (Claim No.4c).

The state courts applied the holding of Strickland, *supra*, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. Docket Entry No.17-7 at pgs.75,78. The record supports these findings. Following a post-conviction evidentiary hearing, the trial judge accredited the testimony of petitioner's trial counsel and found that he had fully investigated the case and acted reasonably by not calling the petitioner's witnesses to testify. *Id.* at pg.77. It was further found that the decision not to challenge alleged inconsistencies in the testimony of two police officers was a legitimate tactical choice. *Id.* at pg.78. Therefore, this Court finds that the petitioner was not denied his right to the effective assistance of counsel.

## D. CONCLUSION

The petitioner has offered no clear and convincing evidence to

10

rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, the Court finds no merit in the petition for writ of habeas corpus.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge